UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROD R. DENNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-373-B-W |
| | ) |
| RANDALL LIBERTY, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDED DECISION**

Rod Dennis, a prisoner at the Kennebec County Jail, has sued the Sheriff, various correctional officers and health care providers alleging excessive force and failure to provide medical treatment. The health care providers, consisting of The Crisis and Counseling Centers, Inc., Ray Chevarie, William Bookheim[1], and Beverly Campbell have moved to dismiss the complaint as to them. In the course of the briefing period Dennis filed an amended complaint, which I allowed, and that document and its associated briefing -- including the health care providers' response to the motion to amend and reply to the motion to dismiss -- have all been considered in formulating this recommended decision. Dennis, in his modified amended complaint, voluntarily chose not to name Beverly Campbell and she has been terminated as a defendant. As to the remaining defendants I recommend that the complaint be dismissed as to The Crisis and Counseling Centers, Inc. and Ray Chevarie, but I further recommend that the motion be denied in part as to William Bookheim.

**Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the

---

[1] Dennis spells the name "Bookhiem," but I have chosen to use the spelling set forth in the pleadings filed by defendants' counsel.

court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Additionally, because Dennis is a pro se litigant, his complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). As a *pro se* litigant, his pleadings also may be interpreted in light of supplemental submissions, such as their responses to the motion to dismiss. Gray v. Poole, 275 F.3d 1113, 1115 (D.C.Cir.2002); Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003).

## Modified Amended Complaint Allegations

The modified amended complaint, Part B, is written in narrative form and does not contain numbered paragraphs, which makes fashioning a response quite difficult. None of the pleadings contain any allegations pertaining to the Crisis and Counseling Centers, Inc. or Beverly Campbell. In his modified amended complaint, (Doc No. 26-1) Part B, Dennis makes the following allegations relating to defendants Bookheim and Chevarie. As to William Bookheim, the modified amended complaint if fairly read, alleges that Bookheim is a health care provider at the Kennebec County Jail to whom Dennis has been submitting medical requests on an ongoing basis since December 2008. The reason for the medical requests relates to a cystlike tumor growth on the right-hand side of the back of Dennis's neck. The tumor has caused Dennis severe pain and has restricted his neck movement. The medical staff, including Bookheim, has

2

repeatedly refused to treat Dennis for this ailment and has refused to refer him to an outside surgeon or specialist.  According to Bookheim, the reason he refused to treat Dennis or prescribe pain medication is because the county sheriff refuses to pay for any treatment because he has no money.

Ray Chevarie is a registered nurse who also works at the Kennebec County Jail.  His alleged involvement with Dennis relates only to the incident of April 1, 2009, when the corrections officers are alleged to have used excessive force against Dennis.  According to the modified amended complaint, Chevarie took an hour to respond to Dennis's request for treatment following the affray.  The injuries involved bruises, cuts, and scrapes.  Once Chevarie did respond to the request for medical treatment, he refused to take photographs of the injuries, which Dennis says implicates him in a conspiracy to cover up a crime that occurred when he was assaulted.  Dennis also reveals that Chevarie knew about the cyst on his neck, although he does not allege he sought treatment for the cyst/tumor from or through Chevarie.  (See Resp. Mot. Dismiss, Doc. No. 19.)

## Discussion

Bookheim claims the modified amended complaint against him should be dismissed because the allegations are preempted by the Maine Health Security Act, 24 M.R.S. § 2501 et seq.  Bookheim is correct and to the extent the claims present allegations of negligence or medical malpractice by a health care provider they must be dismissed.  Dennis's sole federal claim against Bookheim is an Eighth Amendment claim of cruel and unusual punishment.  In the context of medical treatment afforded to prisoners, this claim depends on "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).  A clear case of deliberate indifference would exist if a

serious medical need were ignored for the very purpose of inflicting punishment on a prisoner. Feeney v. Corr. Med. Serv., Inc. 464 F.3d 158, 161-162 (1st Cir. 2006).  But "wanton" acts can also suffice, where there is inaction despite "actual knowledge of impending harm, easily preventable." DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991).  Mere inadvertence and negligence do not suffice to meet the constitutional threshold, but "[t]he requisite state of mind may be manifested by the officials' response to an inmate's known needs or by denial, delay, or interference with prescribed health care." Id.  In sum, the claim has both an objective component and a subjective component.  On the objective side, the deprivation of needed care must be sufficiently serious.  On the subjective side, the state of mind of the individual defendant must be such that a fact finder could fairly conclude that the deprivation arose from wanton disregard. Id. at 18.

In this particular case there is no way to know at this juncture whether the "cyst/tumor" is a "sufficiently serious" medical condition, but it is at least plausible that it could be a serious condition.  It is also plausible that Bookheim has withheld treatment because of a wanton disregard of the inmate's needs.  Based on the allegations in the complaint Dennis's Eighth Amendment claim against Bookheim survives this motion to dismiss.

The claim against Chevarie does not fare so well under the Rule 12(b)(6) lens.  The allegation that Chevarie was involved in some conspiracy with Bookheim and the other correctional officer defendants is devoid of factual content and does not withstand the Iqbal pleading standard.  The claim that Dennis had to wait an hour to have his bruises, cuts, and scrapes attended to simply does not state a claim.  Waiting one hour for medical treatment for such injuries comports more than favorably with what an unincarcerated citizen who visits an emergency room is forced to endure.  Refusing to take photographs of injuries for a prospective

4

civil or criminal case is not a denial of medical care and does not implicate any rights of constitutional dimension. The complaint against Chevarie should be dismissed for failing to state a claim.

Finally, The Crisis and Counseling Centers, Inc. is not the subject of any factual allegations at all. It is not the court's responsibility to guess why Dennis has sued this entity. Dennis has been given numerous opportunities to amend his pleadings and he was put on notice by the original motion to dismiss that he had not explained why this particular defendant had been sued. The complaint should be dismissed as to this defendant as well.

## Conclusion

Based on the foregoing, I recommend dismissing the claims against Ray Chevarie and The Crisis and Counseling Centers, Inc. As to William Bookheim, the motion to dismiss should be granted in part, dismissing so much of the complaint as alleges claims of negligence as preempted by the Maine Health Security Act. However, I recommend that the motion be denied as to that portion of the complaint which alleges a violation of the Eighth Amendment's cruel and unusual punishment clause as it pertains to the denial of medical treatment.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 22, 2009