UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROD R. DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-373-B-W |
| | ) | |
| RANDALL LIBERTY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE
MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTIONS
FOR STAY AND FOR COUNSEL**

An inmate at the Kennebec County Jail brought suit against the Sherriff, various correctional officers and medical providers alleging excessive force and failure to provide medical treatment. The medical provider defendants moved to dismiss and the inmate moved for appointment of counsel and to stay the proceedings. The Court grants the motion to dismiss as to The Crisis and Counseling Centers, Inc. and Ray Chevarie, and grants in part and denies in part the motion as to William Bookheim. The Court further denies the motion for appointment of counsel and motions to stay the proceedings.

I.  **STATEMENT OF FACTS**

On August 17, 2009, Rod R. Dennis filed suit against a number of officers and medical providers who are either employed by or contract with the Kennebec County Sheriff's Office. Mr. Dennis has been incarcerated since November 26, 2008, during which time he has been "submitting medical request[s] for a cystlike tumor growing on the right backside of [his] neck . . . . causing severe pain and . . . restricting [his] neck movement." *Modified Amended Complaint* Attach. 1 at 1. (Docket # 16) (*Amend. Compl.*). Mr. Dennis alleges that "William Bookhiem [a

medical provider] refused to send [him] out to [a] surgeon/specialist to have [his] cyst/tumor treated by a surgeon/specialist." *Amend. Compl.* at 1.  Mr. Dennis's complaint further alleges that on April 1, 2009, the officers "resort[ed] to [the] usage of unnecessary force and had complete[] total disregard for plaintiff Dennis' safety and well being" while transporting Mr. Dennis from his cell to a booking area. *Id.* at 2.  The alleged incident "aggravated the situation of the cyst/tumor on the back of [Mr. Dennis'] neck thus causing more pain than previously before [the] incident occured [sic]" and resulted in "bruises, cuts, and scrapes." *Amend. Compl.* Attach. 1 at 1, 1-2.  After the incident, medical providers "blatantly and with spite, refused him prompt medical attention and care for his lacerations and injuries" and it "took medical staff an hour to respond [to his] request to be treated." *Amend. Compl.* at 2; *Amend Compl.* Attach. 1 at 2.  Mr. Dennis requested "RN Ray Chevarie to take photos of [his injuries] which he declined to do." *Id.*

## II.      DISCUSSION

### A.      Motion to Dismiss

On November 16, 2009, the medical provider defendants, The Crisis and Counseling Center, Inc., Ray Chevarie, William Bookheim, and Beverly Campbell moved to dismiss the complaint for failure to state a claim.  *Defendant's Motion to Dismiss* (Docket # 15) (*Def.'s Mot.*)   On December 15, 2009, Beverly Campbell was terminated as a defendant after Mr. Dennis voluntarily chose not to name her as a defendant in his modified amended complaint.

The matter was referred to Magistrate Judge Kravchuk, who on December 22, 2009, issued her report and recommended decision "recommend[ing] that the complaint be dismissed as to The Crisis and Counseling Centers, Inc. and Ray Chevarie, but . . . that the motion be denied in part as to William Bookheim." *Recommended Decision* at 1 (Docket # 28) (*Rec. Dec.*).

Specifically, the Magistrate Judge found the allegations against Mr. Chevarie "devoid of factual content" such that it did not "withstand the *Iqbal* standard." *Id*. at 4. Further, Mr. Chevarie's alleged refusal "to take photographs of injuries for a prospective civil or criminal case is not a denial of medical care and does not implicate any rights of constitutional dimension." *Id*. at 4-5. The Crisis and Counseling Centers, Inc. "is not the subject of any factual allegations at all. It is not the court's responsibility to guess why Dennis has sued this entity. Dennis has been given numerous opportunities to amend his pleadings and he was put on notice by the original motion to dismiss that he had not explained why this particular defendant had been sued." *Id*. at 5. Based on these considerations, the Magistrate Judge recommended that the Complaint against these two defendants be dismissed.

As for Mr. Bookheim, the Magistrate Judge recommended dismissing those claims of negligence or malpractice to the extent that they are preempted by the Maine Health Security Act, 24 M.R.S. § 2051 et seq. *Id*. at 3. However, the Magistrate Judge recommended that Mr. Dennis' Eight Amendment claim for cruel and unusual punishment not be dismissed as it is plausible that Mr. Dennis cyst/tumor is a "serious condition" and "[i]t is also plausible that Bookheim has withheld treatment because of a wanton disregard of the inmate's need." *Id*. at 4.

Neither Mr. Dennis nor Mr. Bookheim objected to the Magistrate Judge's Recommended Decision. Having failed to file objections to the Magistrate Judge's Recommended Decision, both parties have waived their right to a *de novo* review under Federal Rule of Civil Procedure 72(b). Fed. R. Civ. P. 72(b). Despite this waiver, the Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and concurs with the recommendations of the Magistrate Judge for the reasons set forth in her

Recommended Decision. The Court, therefore, affirms the Magistrate Judge's Recommended Decision.

### B.     Motion to Appoint Counsel and Motions to Stay Proceedings

Mr. Dennis has filed two additional motions: a motion to appoint counsel and to stay the case (Docket # 33) (*First Mot.*) filed on January 12, 2010, and a motion to stay proceedings (Docket # 36) (*Second Mot.*) filed on February 18, 2010. The officer defendants oppose only Mr. Dennis' motions to stay the proceedings[1] arguing that "an eighteen-month stay of this matter is unfairly prejudicial, as witnesses may become unavailable in the interim." *Def.'s Sheriff Randall Liberty, Officer Ferreira and Officer Peabody's Resp. to Pl.'s Mot. for Appointment of Counsel and to Stay Case* at 2 (Docket # 34) (*Def.'s Resp. to First Mot.*); *Def.'s Sheriff Randall Liberty, Officer Ferreira and Officer Peabody's Resp. to Pl.'s Second Motion to Stay Case* at 1 (Docket #37) (*Def.'s Resp. to Second Mot.*).

In his first motion, Mr. Dennis asks if there is "any type of court ordered lawyer or representative that can help me understand the paper work that is being sent to me." *First Mot.* at 1. He also asks the Court "to postpone proceeding until [his] release. . . . [a] projected release of June of 2011." *Id.* He is "also requesting an additional grace period of five months in order to acquire an attorney to represent him." *Id.* at 1-2. "The reasons for the postponement are, I have to complete my sentence, I am being bounced around to different facilities, I do not have a 'solid' address, and I am concerned that I will not receive mail properly." *Id.* at 2.

In his second motion to stay, Mr. Dennis makes a similar request. He asks the court "to let [him] put this case off until 5 month[s] after [he] get[s] out." *Second Mot.* at 1. In sum, he is asking the court "to put [his] case off for the next 18 to 19 months" so he can get his affairs in order and can find an attorney to represent him in this matter. *Id.*

---

[1] The officer defendants take no position on Mr. Dennis' motion to appoint counsel. *Def.'s Resp. to First Mot.* at 1.

This is not Mr. Dennis' first request for counsel. Twice before, he has moved the Court to appoint counsel. *Pro Se Mot. to Appoint Counsel* (Docket # 9); *Pro Se Mot. to Appoint Counsel* (Docket # 29). The Court has denied each request. (Docket # 11 and # 30). Although the Court is statutorily empowered to appoint counsel, 28 U.C.S. § 1915(e), there are "no funds appropriated to pay a lawyer or even to reimburse a lawyer's expenses." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). "There is no absolute constitutional right to a free lawyer in a civil case." *DesRosier v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Appointment of counsel is restricted to "exceptional circumstances . . . such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [the plaintiff's] due process rights." *Id*. If the case proceeds to trial, the Court will revisit the question of whether appointment of counsel would be indicated and, if so, how it is to be accomplished. *Clarke*, 473 F. Supp. 2d at 125 (stating that the Court reserved judgment "on whether appointment would be appropriate if the case were to proceed to trial").

As for Mr. Dennis' request to stay proceedings, the Court agrees with the position of the officer defendants. While "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," "the proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706, 708 (1997). Here, Mr. Dennis is requesting the Court to stay the proceedings for more than a year and he has not provided a compelling reason for the delay.[2] The Court has on occasion granted motions to stay, but in those limited instances, the stay was for a matter of months and for good cause. *See Hofland v. LaHay*, No. CV-09-172-B-W, 2010 WL 231737, slip op. at * 1 (D. Me. Jan. 14, 2010) (granting a motion to stay for six months since the civil matter was closely related to a criminal case pending in state court). Further, Mr. Dennis alone determined when to file his complaint, and

---

[2] Mr. Dennis does not state that he is having difficulty receiving his mail in his second motion to stay proceedings.

now having done so he has the option to voluntarily dismiss the action, and to re-file the complaint closer to the time of his release or when he has secured counsel. Mr. Dennis' circumstances do not warrant an extended stay of the proceedings.

### III. CONCLUSION

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 28) is hereby AFFIRMED.

2. It is further ORDERED that Defendants' Motion to Dismiss (Docket # 15) is GRANTED as to The Crisis and Counseling Centers, Inc., and Ray Chevarie and GRANTED IN PART AND DENIED IN PART as to William Bookheim.

3. If is further ORDERED that Plaintiff Rod R. Dennis' Motion to Appoint Counsel and Stay Proceedings (Docket # 33) and Motion to Stay Proceedings (Docket # 36) are DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2010